

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

STATE OF NEW YORK, et al.

        Plaintiffs,

                               **ORDER**
-against-                        **CV-03-5985(SJF)(MLO)**

NEXT MILLENNIUM REALTY, LLC., et al.

        Defendants.
----------------------------------------------------------X

FEUERSTEIN, J.

      Defendants Utility Manufacturing Co, Inc., Nest Equities, Inc., Audie Kranz, Wilbur Kranz, Grand Machinery, Inc., Paul Merandi, Arkwin Industries, Inc., Daniel Berlin, Thomas Molloy (sued herein as Thomas Malloy), Tishcon Corp. a/k/a Tishcon Corporation and Joe Elbaz (collectively, defendants) and defendant Kamal Chopra (Chopra) moved separately to dismiss the complaint of plaintiffs State of New York and Denise M. Sheehan, as Commissioner of the New York State Department of Environmental Conservation (collectively, plaintiffs). Before the Court are objections by defendants, including Chopra, and plaintiffs to a Report and Recommendation of United States Magistrate Judge Michael L. Orenstein dated February 15, 2007 recommending that defendants' and Chopra's motions be granted only to the extent that plaintiffs' public nuisance claim seeking relief in the nature of damages be dismissed, and that the motions otherwise be denied. For the reasons stated herein, the Report and Recommendation is accepted in its entirety.

1

I.  Discussion

   A.  Defendants' Objections

Defendants allege, *inter alia*, that Magistrate Judge Orenstein's recommendations: (1) to deny dismissal of plaintiffs' claims pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, *et seq.* (CERCLA), is clearly erroneous and/or contrary to law because plaintiffs lack authority to impose CERCLA liability in light of their failure to enter into a cooperation agreement with the United States Environmental Protection Agency (EPA); (2) to deny dismissal of plaintiffs' state law claims on the basis that they are preempted by CERCLA (a) is based on the erroneous conclusion that the state and federal claims contain different elements and that double recovery would not result if the state law claims proceeded and (b) is erroneous because the state law claims are preempted irrespective of whether the CERCLA claims fail and/or are time-barred; (3) to deny dismissal of the CERCLA claims as time-barred is clearly erroneous or contrary to law since plaintiffs admit that remediation began in 1991 when the EPA funded the installation of carbon filters on the Bowling Green Water District Supply wells and the identity of the party initiating the remedial action is irrelevant to the issue of when the remedial action began; (4) to deny dismissal of plaintiffs' public nuisance claim for injunctive relief on the basis of the "continuing harm" doctrine was an error of law because plaintiffs' principal objective is to collect damages; and (5) to deny dismissal of plaintiffs' indemnification and restitution claims was erroneous because (a) plaintiffs' sole substantive tort claim is the public nuisance claim for damages, of which Magistrate Judge Orenstein recommends dismissal as time-barred, and (b) those claims are time-barred since plaintiffs first expended funds in 1991 or, at the latest, in 1995.

Defendants further contend that Magistrate Judge Orenstein should have limited discovery to the threshold issues of fact regarding the timeliness of plaintiffs' claims, namely (1) when the remedial action began; and (2) whether the individual defendants signed the corporate tolling agreements in their personal capacities.

B.  Plaintiffs' Objection

Plaintiffs allege, *inter alia*, that Magistrate Judge Orenstein erred in applying N.Y. C.P.L.R. § 214-c to recommend dismissal of their public nuisance claim seeking recovery of abatement costs, since the "continuing wrong" doctrine, which provides that a new cause of action accrues daily as long as the nuisance exists regardless of the plaintiff's awareness of it, applies to that claim. Plaintiffs further allege that Magistrate Judge Orenstein's characterization of their public nuisance claims as "seeking to recover damages expended for its clean-up costs at the Site for the harm done to the land and groundwater by the release of hazardous wastes at the facilities and the Bowling Green public water supply wells," is erroneous. According to plaintiffs, they are not seeking damages for "injury to property;" but rather are seeking "to protect the public's right to protection from chemical hazards." (Plaintiffs' Objection to the Report and Recommendation [Pltf. Obj.], p. 5).

C.  Standard of review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed.R.Civ.P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection

3

has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II.     Conclusion

Upon *de novo* review of the Report and Recommendation, and upon careful consideration of the parties' objections, the objections are overruled and the Report and Recommendation is accepted in its entirety as an Order of the Court. Defendants' and Chopra's motions to dismiss are granted to the extent that plaintiffs' public nuisance claim seeking to recover abatement costs is dismissed as time-barred, and the motions are otherwise denied.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: August 14, 2007
       Central Islip, New York