UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

STATE OF NEW YORK, et al.

    Plaintiffs,

  -against-

**ORDER**
**CV-03-5985(SJF)(MLO)**

NEXT MILLENNIUM REALTY, LLC., et al.

    Defendants.
----------------------------------------X

FEUERSTEIN, J.

Defendants Arkwin Industries, Inc., Daniel Berlin, Thomas Molloy s/h/a Thomas Malloy, Tishcon Corp. a/k/a Tishcon Corporation, Kamal Chopra, Joe Elbaz, Utility Manufacturing Co., Inc., Nest Equities, Inc., Audie Kranz, Wilbur Kranz, Grand Machinery Exchange, Inc. s/h/a Grand Machinery, Inc. and Paul Merandi (collectively, the "Cross-Defendants") moved to dismiss the Second and Fourth Cross-Claims asserted against them by defendants/cross-claimants/third-party plaintiffs Next Millennium Realty, LLC, 101 Frost Street Associates, L.P., 101 Frost Street Corporation, Emily Spiegel, individually, and as trustee under an agreement of trust for the benefit of Pamela Spiegel and Lisa Spiegel, and Jerry Spiegel (hereinafter, collectively, the "Spiegel Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] By order dated August 8, 2007, I referred that motion to Magistrate Judge Michael L. Orenstein for a report and recommendation in accordance with 28 U.S.C. § 636(b). On April 1, 2008, Magistrate Judge Orenstein issued a Report and Recommendation (the Report)

---

[1] Initially, the Spiegel Defendants consented to withdraw their Second Cross-Claim, but subsequently moved to withdraw their consent following the Supreme Court decision in United States v. Atlantic Research Corp., 127 S.Ct. 2331 (2007).

recommending that the Spiegel Defendants' Motion to withdraw their consent to dismiss the Second Cross-Claim be granted and that the Cross-Defendants' motion be granted. No objections have been filed to the Report. For the reasons stated herein, the Report is accepted in its entirety.

Discussion

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See, Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005); Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

No objections have been filed to Magistrate Judge Orenstein's Report. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts and adopts Magistrate Judge Orenstein's Report as an Order of the Court. The Spiegel Defendants'

motion to withdraw their consent to the dismissal of their Second Cross-Claim is granted and the Cross-Defendants' motion to dismiss the Spiegel Defendants' Second and Fourth Cross-Claims is granted.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 2, 2008
Central Islip, New York