UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NEXT MILLENNIUM REALTY, LLC, et al.,      Lead Case No: 2:03 CV 5985
                                                                        (SJF)(MLO)
                Plaintiffs,

      -against-                                             **DECLARATION OF**
                                                                **WILLIAM D. MERKLIN**
ADCHEM CORP., et al.

                Defendants.
----------------------------------------------------------------X

----------------------------------------------------------------X
STATE OF NEW YORK, et al.,

                Plaintiffs,

      -against-

NEXT MILLENNIUM REALTY, LLC, et al.,

                Defendants.
----------------------------------------------------------------X
NEXT MILLENNIUM REALTY, LLC, et al.,

                Third-Party Plaintiffs,

      -against-

ADCHEM CORP., et al.,

                Third-Party Defendants.
----------------------------------------------------------------X

      **WILLIAM D. MERKLIN**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

      1.     I am the Vice President of Dvirka and Bartilucci Consulting Engineers ("D&B"), Division of Water Supply. I have been employed at D&B since 1995. I was the project engineer for the design, construction and installation a packed tower aeration

system (the "Packed Tower Aeration System") for the Bowling Green Estates Water District ("BGEWD") located in the Town of Hempstead (the "Town"). My duties included drafting the plans and specifications for the Packed Tower Aeration System and visiting the work site during parts of the actual construction of the system to ensure that the construction conformed with the design plans prepared by D&B and approved by the Nassau County Department of Health ("NCDOH").

2. The facts set forth in this Declaration are based upon my personal involvement in the design and construction of the Packed Tower Aeration System, and my review of the files that D&B has maintained concerning the Packed Tower Aeration System, including plans and specifications, contract documents, and correspondence.

3. The Packed Tower Aeration System was intended to supplement the existing Granular Activated Carbon ("GAC") adsorption treatment system (the "GAC Treatment System") at BGEWD. The project consisted of the construction of an air stripping tower for Wells 1 and 2 of the Iris Place Pump Station at BGEWD.

4. D&B was retained by the Town to carry out the design work for the Packed Tower Aeration System, which included drafting the plans and specifications for the construction of a clearwell and a concrete slab upon which the air stripping tower would be placed. The purpose of the clearwell is to collect water that has been treated by the air stripper. The water in the clearwell is then pumped to the GAC Treatment System where it is further treated and then pumped to the community.

5. During the pre-construction design phase of the Packed Tower Aeration System project, subsurface investigations were conducted in order to examine the soil conditions below the ground in the area where the foundation for the clearwell and the

structural concrete slab for the air stripping tower was to be erected. The investigations include obtaining soil borings for structural design of the clearwell and the structural concrete slab. The purpose of drilling the soil borings was to determine whether the soil could sustain the weight of the air stripping tower, an associated aeration building and to provide a guide in drafting the plans and specification for the clearwell and structural concrete slab.

6. Soil borings were drilled at the BGEWD by Warren George, Inc. ("WGI"), under contract with D&B, on June 12 and 13, 1995. A copy of the WGI report setting forth the results of the soil borings is attached hereto as Exhibit "A".

7. The soil borings were performed as part of D&B's pre-construction design of the Packed Tower Aeration System and the costs for the borings were billed to the Town as an "Engineering Services" expense separate from the actual construction work of the system. A copy of a letter from D&B to the Town setting forth the design and construction costs for Packed Tower Aeration System, as of December 15, 1995, is attached hereto as Exhibit "B".

8. By letter dated July 6, 1995, D&B advised Daniel Davis, Commissioner of the Town's Department of Water, that it had reviewed the bid documents and references submitted by the bidders for the contract relating to the actual construction of the clearwell and structural concrete slab. D&B recommended that the Town award the contract to Region Associates, Inc. ("Region Associates") as the lowest qualified bidder. A copy of the July 6, 1995 letter is attached hereto as Exhibit "C".

9. By letter dated July 11, 1995, D&B forwarded the plans and specifications to the NCDOH. A copy of the letter from D&B reflecting the transmittal of the plans is

3

attached hereto as Exhibit "D". The plans and specifications were approved by NCDOH on September 6, 1995. A copy of the Approval of Plans certificate is attached hereto as Exhibit "E".

10. By letter dated July 7, 1995, Mr. Davis directed Region Associates to commence work on July 11, 1995. A copy of the letter is attached hereto as Exhibit "F".

11. On July 21, 1995, D&B received an analysis of the concrete mix to be used for the construction of the clearwell and concrete slab. Exhibit "G". D&B approved the use of the concrete mix as reflected in my letter to Region Associates, dated July 27, 1995. Exhibit "H". I do not recall when the concrete poured. However, it could not have occurred until sometime after the approval of the concrete mix on July 21, 1995.

Executed on 11/13/09.

_____
**WILLIAM D. MERKLIN**

4